UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN DANIELS, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00482 JAR |
| | ) |
| JANSSEN RESEARCH & | ) |
| DEVELOPMENT LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC's Motion to Stay (Doc. No. 10) and Plaintiffs' Motion to Remand (Doc. No. 14) The motions are fully briefed and ready for disposition. For the following reasons, Defendants' motion to stay will be denied and Plaintiffs' motion to remand will be granted.

**Background**

On March 8, 2016, Plaintiffs filed this action in the City of St. Louis Circuit Court against Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC (collectively "Defendants"), and Defendants Bayer Pharma AG, Bayer Healthcare AG, and Bayer AG, none of whom have been served, seeking damages for injuries resulting from their use of the prescription anticoagulant drug, Xarelto. Plaintiffs bring state law claims for strict liability, manufacturing defect, design defect, failure to warn, negligence, breach of express

1

and implied warranties, negligent misrepresentation, fraud, and violation of consumer protection and consumer fraud laws.

One plaintiff, Marvin Daniels, is a citizen of Missouri (Petition, Doc. No. 9 at ¶ 2); four plaintiffs share citizenship with Defendant Bayer Corporation (id. at ¶¶ 14, 17, 20, 33); three plaintiffs share citizenship with Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Bayer Corporation, and Bayer HealthCare LLC. (id. at ¶¶ 16, 18, 42); one plaintiff shares citizenship with Defendants Janssen Pharmaceuticals, Inc., Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare LLC. (id. at ¶ 19); and two plaintiffs share citizenship with Bayer HealthCare LLC. (id. at ¶¶ 8, 31). Despite that shared citizenship, on April 8, 2016, Defendants, excluding Bayer Pharma AG, Bayer Healthcare AG, and Bayer AG, removed the action to this Court on the basis of diversity jurisdiction. (Doc. No. 1)

In their notice of removal, Defendants argue the nonresident Plaintiffs have not established that Defendants are subject to personal jurisdiction in Missouri, so their claims should be dismissed. (Id. at ¶ 3) Defendants also argue that Plaintiffs have misjoined their claims in a single petition in an attempt to defeat removal to federal court. (Id. at ¶ 5) Defendants contend the Court should consider the threshold issue of personal jurisdiction before determining whether the Court has subject matter jurisdiction over the case.

Defendants also advise that a Multi-District Litigation ("MDL") has been established for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." (Id. at ¶ 2; Doc. No. 1-2) Defendants seek inclusion of this action in the MDL, and request this action be stayed pending transfer. Defendants argue this Court should defer to the MDL Court's processes to ensure that this litigation is managed in a consistent and efficient manner on the issues of joinder, severance and personal jurisdiction. (Id. at ¶ 7)

Plaintiffs move to remand the case back to state court because complete diversity does not exist and because fraudulent misjoinder has not been recognized by the Eighth Circuit as a basis for removal of state law pharmaceutical product liability cases, citing In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). (Doc. No. 15 at 1-2)

**Motion to stay**

With respect to Defendants' motion to stay, a "putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." Turley v. Janssen Research & Development LLC, et al., No. 4:15CV1553 SNLJ, ECF No. 25 at 2 (E.D. Mo. Dec. 23, 2015) (quoting Spears v. Fresenius Med. Care N. Am., Inc., No. 4:13CV855 CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting T.F. v. Pfizer, Inc., No. 4:12CV1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)); Littlejohn v. Janssen Research & Dev., LLC, No. 4:15CV194 CDP, 2015 WL 1647901, at *3 (E.D. Mo. Apr. 13, 2015) (citing Rule 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." Turley, ECF No. 25 at 3. The motion to stay will therefore be denied, and the Court will address Plaintiffs' motion to remand.

**Motion to remand**

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; Prempro, 591 F.3d at 619. The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Any doubts about the propriety of removal are resolved in favor of remand. <u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." <u>OnePoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is over $75,000. Likewise, the parties agree that Plaintiffs' petition does not allege complete diversity between the parties. Nevertheless, Defendants argue this Court has diversity jurisdiction because the nonresident Plaintiffs' claims were either fraudulently joined or fraudulently misjoined. Defendants further argue this Court can and should resolve the personal jurisdiction question first before ruling on subject matter jurisdiction.

On numerous occasions, this Court has exercised its discretion in deciding whether to consider personal or subject matter jurisdiction in the first instance, see <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 587-88 (1999), to consider subject matter jurisdiction first. See <u>Morgan v. Janssen Pharmaceuticals, Inc., et al.</u>, No. 4:14CV1346 CAS, 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); <u>Butler v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., et al.</u>, No. 4:14CV1485 RWS, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); <u>Littlejohn v. Janssen Research & Dev., LLC</u>, No. 4:15CV194 CDP, 2015 WL 1647901, at *3 (E.D. Mo. Apr. 13, 2015). The Court will do so here, where the inquiry regarding subject matter jurisdiction is straightforward.

With regard to Defendants' challenge to the propriety of joining the nonresident Plaintiffs' claims into a single action, even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Prempro</u>, 591 F.3d at 619;

4

Robinson v. Pfizer Inc., No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *3 (E.D. Mo. Apr. 29, 2016); Littlejohn, 2015 WL 1647901, at *3; Morgan, 2014 WL 6678959; Butler, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Orrick v. Smithkline Beecham Corp., No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014). Several recent cases from this district have determined that the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims. Robinson, 2016 WL 1721143, at *4 (citing cases).

The Court finds that here, as in those cases, Plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same drug, Xarelto, and arising out of the same development, distribution, marketing, and sales practices for that drug, such that common issues of law and fact are likely to arise in the litigation. Moreover, because Plaintiffs' allegations relate to Defendants' design, manufacture, testing, and promotion of Xarelto - occurrences common to all Plaintiffs - their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the exposures occurred in different states and under the supervision of different medical professionals. Robinson, 2016 WL 1721143 at *4.

**Conclusion**

Plaintiffs' claims are sufficiently related to support joinder in this case, and Defendants have not met their burden of demonstrating diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction over this case and the case will be remanded to state court.

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC's Motion to Stay [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [14] is **GRANTED**.

**IT IS FINALLY ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis.

Dated this 26th day of May, 2016.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**